KENNETH B. WILSON (SBN 130009)
  ken@coastsidelegal.com
COASTSIDE LEGAL
455 1st Avenue
Half Moon Bay, California 94019
Telephone: (650) 440-4211

JOSHUA M. MASUR (SBN 203510)
  jmasur@zuberlawler.com
FRANCESCA M.S. GERMINARIO (SBN 326208)
  fgerminario@zuberlawler.com
ZUBER LAWLER LLP
2000 Broadway Street, Suite 154
Redwood City, California 94063
Telephone: (650) 434-8538
Facsimile: (213) 596-5621

Attorneys for Defendant
REDBUBBLE INC.

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| JOSEPH R. TOMELLERI,<br><br>            Plaintiff,<br><br>    v.<br><br>REDBUBBLE, INC., et al.,<br><br>            Defendants. | Case No. 4:20-cv-05879-KAW<br><br>**DEFENDANT REDBUBBLE INC.'S NOTICE OF MOTION AND MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Judge:   Hon. Kandis A. Westmore<br>Date:    March 4, 2021<br>Time:    1:30 p.m.<br>Crtrm.:  TBD |

**TO PLAINTIFF AND ITS COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE THAT** on March 4, 2021, at 1:30 p.m., or as soon thereafter as the matter may be heard, defendant Redbubble Inc. ("Redbubble") will move, and hereby moves, to dismiss the Complaint of Plaintiff Joseph A. Tomelleri ("Plaintiff").  This motion will be heard in the courtroom of the Honorable Kandis A. Westmore, located in the United States Courthouse, 1301 Clay Street, Oakland, California 94612. This Motion is made upon the ground that Plaintiff has failed to state a claim on which relief can be granted as required by Federal Rule of Civil Procedure 12(b)(6), and specifically that Plaintiff has failed to sufficiently plead the content of its copyrights or identify any works that allegedly infringe its copyrights.

This Motion is based on this Notice of Motion, the attached Memorandum of Points and Authorities, all of the pleadings, files, and records in this proceeding, all other matters of which the Court may take judicial notice, and any argument or evidence that may be presented to or considered by the Court prior to its ruling.

Dated:  January 19, 2021.                COASTSIDE LEGAL
                                         KENNETH B. WILSON

                                         ZUBER LAWLER  LLP
                                         JOSHUA M. MASUR
                                         FRANCESCA M.S. GERMINARIO


                                         By: */s/ Kenneth B. Wilson*
                                                Kenneth B. Wilson
                                                Attorneys for Defendant
                                                Redbubble Inc.

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.  INTRODUCTION

Plaintiff has utterly failed to allege critical elements of each cause of action in its Complaint: the copyrighted expression that has allegedly been infringed, and the identity of the content that constitutes the alleged infringement. Instead, Plaintiff has merely alleged that "Defendants have used at least forty-one (41) of his copyrighted works without permission," without providing so much as a depiction of the copyrighted works or an example of a single allegedly infringing copy. As a matter of law, this does not satisfy Federal Rule of Civil Procedure 8(a)(2), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Accordingly, Plaintiff's Complaint should be dismissed in its entirety.

## II.  STATEMENT OF FACTS

Plaintiff claims to be "one of the world's preeminent fish artist and illustrator [*sic*]." (Complaint ¶ 12.) In his Complaint, he alleges that "the copyrights for illustrations for a number and variety of fish … are at issue in this case." (Complaint ¶ 19.) Plaintiff then alleges that he is the owner of 41 "Illustrations at issue," and provides the names of 41 different fish, along with registration numbers (many of which overlap) and registration dates. Critically, however, the Complaint does not depict any of the actual "Illustrations at issue" such that a defendant or the Court could identify what Plaintiff claims to own.

Redbubble provides an online Marketplace at www.redbubble.com through which third-party sellers are able to offer and sell various products, much like the Amazon Marketplace. *See, e.g.*, *Ohio State University v. Redbubble Inc.*, 369 F. Supp. 3d 840 (S.D. Ohio 2019). "Redbubble does not develop or purchase its own copyright content;" rather, that content is created by third-party sellers that upload the images to the Marketplace. (Complaint ¶ 26.) These third-party sellers must "create an account with Redbubble, with an associated account name, on which they may advertise and offer to sell various products to customers." (Complaint ¶ 28.) When orders are

placed, they are routed to third-party manufacturers who print the products, which are then shipped to customers. (Compl. ¶ 50.)[1]

While the Complaint superficially alleges in all four causes of action that Redbubble and/or unidentified third-party manufacturers and sellers have infringed Plaintiff's copyrights by displaying, making or selling "numerous miscellaneous products containing reproductions and/or derivatives of the Works" (Compl. ¶ 46), it does not specify how. There are no depictions or identifications of specific allegedly infringing products, nor does the Complaint contain any other information that would enable the Court to ascertain whether there is in fact any protectible "substantial similarity" between Plaintiff's copyrighted illustrations (whatever those may be) and the allegedly infringing designs (whatever those may be).[2]

## III.   ARGUMENT

### A.   Plaintiff Has Failed to Statement a Claim for Copyright Infringement

Federal Rule of Civil Procedure 8(a)(2) mandates that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although a plaintiff need not plead "detailed factual allegations," he or she must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 129 S. Ct. 1937, 1949 (2009) (citing *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 556 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are insufficient to allow such an inference. *Id.* Thus,

---

[1] While not directly relevant to this motion, Redbubble's business model is discussed in more detail in *Ohio State*, 369 F. Supp. 3d at 841, 845-47, where the court held that Redbubble cannot be liable for direct trademark infringement because it does not engage in conduct sufficient to constitute a "use" of the allegedly infringed marks in commerce. *Accord, e.g.*, *Y.Y.G.M. SA v. Redbubble, Inc.*, No. 2:19-CV-04618-RGK-JPR, 2020 WL 3984528, at *1, *3-4 (C.D. Cal., July 10, 2020) (describing Redbubble's business model and granting summary judgment of no liability for both direct and vicarious trademark infringement).

[2] Redbubble has asked for this information on several occasions since learning of the Complaint in August 2020, in part so that Redbubble can remove any allegedly infringing content from the Marketplace as is its practice. Although Plaintiff has advised Redbubble on multiple occasions that this information would be forthcoming, nothing has been provided. The evidence of these communications is not necessary for the resolution of this motion attacking the pleadings, and therefore has not been submitted with this motion, but Redbubble would be happy to provide them to the Court if so requested.

when considering the sufficiency of a Complaint in the face of a motion to dismiss under Rule 12(b)(6), although the court must accept the plaintiff's factual allegations as true, it is "not bound to accept as true legal conclusions couched as allegations." *Iqbal,* 129 S. Ct. at 1950 (citing *Bell Atlantic,* 550 U.S. at 555).

Specifically, in the context of a motion to dismiss a claim for copyright infringement, a pleading must provide facts sufficient to permit the court to determine whether there is substantial similarity between the copyrighted works and the allegedly infringing products. *See Corbello v. Valli*, 974 F.3d 965, 874 (9th Cir. 2020) (a copyright infringement plaintiff must show substantial similarity between its copyrighted work and the alleged infringement); *Masterson v. Walt Disney Co.*, 821 F. App'x 779 (9th Cir. 2020) (affirming dismissal under 12(b)(6) where the Complaint failed to show substantial similarity and citing similar holdings from other Circuits).  To permit a Court to make this assessment, the Complaint must allege the specific content of the copyrights at issue – typically, with a visual work, by depicting the copyrighted work within the body of the complaint or an exhibit thereto – as well as specific instances of infringement. *Compare, e.g., Sweet People Apparel, Inc. v. Louis Grp., Inc.*, No. CV-12-06673-MMM-JEMX, 2013 WL 12131735, at *4 (C.D. Cal., Jan. 31, 2013) (complaint that attached "photographs of the copyrighted designs as a whole" and of "photographs of [the] allegedly infringing works … has adequately alleged the ways in which [defendant] purportedly infringes the designs"); *with Lopez v. BigCommerce, Inc.*, No. 16-CV-8970 (JPO), 2017 WL 3278932, at *4 (S.D.N.Y., Aug. 1, 2017) (dismissing complaint that did not "provide sufficient specificity to properly plead copyright infringement, as it fails to identify any specific instances of infringement" such as "a specific URL or location where infringing material is found"); *Home Design Services, Inc. v. JF Schoch Building Corp.*, No. 2:11CV574, 2012 WL 442008, at *3–4 (E.D. Va., Feb. 10, 2012) (dismissing claim where plaintiff "failed to set forth the allegedly infringing work," and noting that "the Court cannot even begin to assess the sufficiency of Plaintiff's Complaint with respect to the similarity of Defendant's homes to Plaintiff's copyrighted models because Plaintiff has provided no information whatsoever about the allegedly infringing works").

Plaintiff's Complaint pleads none of this required information. Aside from the names of species of fish covered by his registrations – over which, by definition, Plaintiff lacks proprietary rights – Plaintiff has presented no information to even identify the subject of the asserted copyrights, much less to enable Redbubble or the Court to ascertain what comprises the copyrighted material. And Plaintiff has provided even less information about what specific content allegedly infringes the copyrights, or what similarities exist between the allegedly infringing content and the copyrighted works. As such, Plaintiff's pleading fails to meet the pleading requirements of Federal Rule of Civil Procedure 8, as interpreted by the Supreme Court in *Iqbal* and *Twombly*.

## IV.    CONCLUSION

Plaintiff's complaint should be dismissed for failing to plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," as required by Rule 8(a)(2) and binding Supreme Court precedent. *Iqbal,* 129 S. Ct. at 1949.

Dated:  January 19, 2021.                             COASTSIDE LEGAL
                                                                              KENNETH B. WILSON

                                                                              ZUBER LAWLER  LLP
                                                                              JOSHUA M. MASUR
                                                                              FRANCESCA M.S. GERMINARIO


                                                                              By:  */s/ Kenneth B. Wilson*
                                                                                       Kenneth B. Wilson
                                                                                       Attorneys for Defendant
                                                                                       Redbubble Inc.