STEVEN H. MUSTOE (*pro hac vice*)
SCOTT J. STROHM (*pro hac vice*)
**EVANS & DIXON, LLC**
10851 Mastin Boulevard, Suite 900
Overland Park, KS 66210
Telephone: 913.701.6810 | F: 913.341.2293
copyright@evans-dixon.com

R. JEREMY ADAMSON (Bar No. 251380)
**KUNZLER BEAN & ADAMSON, PC**
4225 Executive Square, Suite 600
La Jolla, CA 92037
Telephone: (619) 365-9110
jadamson@kba.law

*Attorneys for Plaintiff Joseph Tomelleri*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH R. TOMELLERI,<br><br>Plaintiff,<br><br>v.<br><br>REDBUBBLE, INC.,<br><br>and<br><br>DOE MEMBERS 1-38,<br><br>and,<br><br>DOE MANUFACTURER<br><br>Defendant. | No. 4:20-cv-5879<br><br>**FIRST AMENDED COMPLAINT** |

Plaintiff, Joseph R. Tomelleri ("Plaintiff"), for his first amended complaint against Defendant Redbubble, Inc., ("Redbubble"), Doe Members 1-38 (individual a "Member" or collectively "Members"), and Doe Manufacturer ("Manufacturer"), states as follows:

1

**FIRST AMENDED COMPLAINT**

# PARTIES, JURISDICTION, AND VENUE

1. Plaintiff is a citizen and resident of the state of Kansas.

2. Defendant Redbubble is a corporation organized and existing in good standing in the State of California. Defendant lists its principal office as 111 Sutter Street, 17th Floor, San Francisco, CA 94104 and may be served through its registered agent, Corina Davis, at this address.

3. Member Defendants consists of at least thirty-eight accounts registered on Redbubble, including the following account names:

   i. David Booth
   ii. Bob Overstreet
   iii. Yvonneyuhan
   iv. NINUNO
   v. MyHandMadeSigns
   vi. thatstickerguy
   vii. Yankeesfan
   viii. iDrawSilhouettes on Redbubble
   ix. SlushyCheese
   x. hookink
   xi. Marcia Rubin
   xii. Loveroflines
   xiii. Aria M. Ruggles
   xiv. JamesLimborg
   xv. Endri art
   xvi. Brizodesign

xvii. Allarddavid
xviii. TALLDRIVER
xix. MUCDesigns
xx. JungleBungle
xxi. Lovednotlost
xxii. stutch75
xxiii. danibeez
xxiv. Flanzella
xxv. Unionpride
xxvi. Arla M. Ruggles
xxvii. Kaitsticks
xxviii. Nice Gi
xxix. JamesLimborg
xxx. Duukovicc
xxxi. Urbaun
xxxii. Alisa Moody
xxxiii. Peter Gallagher
xxxiv. TALLDRIVER
xxxv. CustUmmMercch
xxxvi. OutdoorAddix
xxxvii. wil2liam4
xxxviii. HumbaHarry

3

**FIRST AMENDED COMPLAINT**

4. Members' true names and legal identities are currently unknown. At this time, each Member defendant is only known by his or her online alias on Defendant Redbubble's website.

5. Defendant Manufacturer's true name and legal identity is currently unknown. At this time, Plaintiff is only aware of the fact that Defendant Redbubble has used a third party manufacturer to produce some products, as explained in more detail below.

6. Upon information and belief, the identities of Members and Manufacturer could be readily determined through early discovery in this case from Defendant Redbubble.

7. This Court has original subject matter jurisdiction of this action under 28 U.S.C. § 1338(a) and 28 U.S.C. §1331 because the action arises under federal copyright law.

8. This Court has personal jurisdiction over Defendant Redbubble because it is incorporated in the state of California and its principal place of business is also located within the state.

9. Upon information and belief, the Court has personal jurisdiction over Member defendants because Members have set up shops to conduct business on Redbubble's website and infrastructure located in California, because Members have conducted business in the state of California, and because this lawsuit arises out of that business Members have conducted in the state of California and on Redbubble's website and infrastructure located in California.

10. Upon information and belief, the Court has personal jurisdiction over Manufacturer because Manufacturer has manufactured products for Redbubble which is located in California, because Manufacturer have conducted business in the state of California, because Manufacturer has shipped products to California, and because this lawsuit arises out of that business Manufacturer has conducted in the state of California with Redbubble.

11. Venue is proper in the Northern District of California pursuant to 28 U.S.C. § 1400 (a), because Defendants or their agent reside or may be found in this judicial district.

## TOMELLERI'S BACKGROUND AND WORKS

12. Plaintiff Tomelleri is recognized by biologists, museums, ichthyologists, and other experts in the field as one of the world's preeminent fish artist and illustrator.

13. Over the last 35 years Plaintiff has created and published over 1300 separate fish illustrations, including those at issue in this case.

14. In 2010, Plaintiff was inducted into the Freshwater Fish Hall of Fame for his work as a fish illustrator.

15. Plaintiff's illustrative process involves his expertise gained from many years of education, his observations of fish in the wild, and obtaining and preserving specimens.

16. Plaintiff hand draws his works.

17. He incorporates his own expression of color patterns, fin arrangements and other characteristics he believes most significant for a particular fish species in a particular life cycle phase.

18. Plaintiff's illustrations have been published in many scientific studies, journals, books, magazines, and fish identification guides.

19. Plaintiff is the sole owner and proprietor of all rights, titles, and interest in, and to, the copyrights for illustrations for a number and variety of fish that are at issue in this case (the "Illustrations").

20. Plaintiff is and always has been the exclusive owner of all of his Illustrations.

21. Each of the Illustrations is covered by a copyright registration owned by Plaintiff.

22. The following table individually lists each of Plaintiff's Illustrations at issue and the corresponding registration information. The Illustrations are depicted in the attached **EXHIBIT A**.

| No. | Illustration | Reg. # | Reg. Date |
|---|---|---|---|
| 1 | Chinook salmon, male | VA 1 163 619 | 11/5/2002 |
| 2 | Brown trout | VA 1 163 619 | 11/5/2002 |

**FIRST AMENDED COMPLAINT**

| 3 | Pink salmon | VA 1 163 619 | 11/5/2002 |
|---|---|---|---|
| 4 | Rainbow trout | VA 1 163 619 | 11/5/2002 |
| 5 | Bluegill | VA 1779644 | 6/20/2011 |
| 6 | Steelhead, male | VA 998-415 | 9/16/1999 |
| 7 | Sockeye Salmon | VA 1 163 619 | 11/5/2002 |
| 8 | Brook trout | VA 998-415 | 9/16/1999 |
| 9 | striped bass | VA 1 799485 | 5/26/2011 |
| 10 | redear sunfish | TX 3 082429 | 5/2/1991 |
| 11 | Largemouth bass | TX 3 082429 | 5/2/1991 |
| 12 | Redspotted sunfish | VA 1 799485 | 5/26/2011 |
| 13 | Largemouth bass 2000 | VA 1 673790 | 5/6/2009 |
| 14 | Bluegill, spawning male | TX 3 082429 | 5/2/1991 |
| 15 | Walleye 3 | VA 2 116913 | 1/26/2018 |
| 16 | Northern pike | TX 3 082429 | 5/2/1991 |
| 17 | Channel catfish | VA 1 799485 | 5/26/2011 |
| 18 | Smallmouth bass | VA 1 673790 | 5/6/2009 |
| 19 | Chinook salmon | VA 998-415 | 9/16/1999 |
| 20 | Spotted bass | VA 1 799485 | 5/26/2011 |
| 21 | Wiper | TX 3 082429 | 5/2/1991 |
| 22 | White bass | TX 3 082429 | 5/2/1991 |
| 23 | Red drum | VA 1 931627 | 9/5/2014 |
| 24 | Lahontan cutthroat | VA 1 163 619 | 11/5/2002 |
| 25 | Black bullhead | TX 3 082429 | 5/2/1991 |
| 26 | Florida Largemouth bass | TX 3 082429 | 5/2/1991 |
| 27 | Golden Trout | VA 998-415 | 9/16/1999 |
| 28 | White sturgeon | VA 1 799775 | 6/17/2011 |

| 29 | Muskellunge | TX 3 082429 | 5/2/1991 |
|---|---|---|---|
| 30 | Walleye male | VA 1 673790 | 5/6/2009 |
| 31 | Skull Creek Redband | VA 998-415 | 9/16/1999 |
| 32 | Bull trout | VA 1 163 619 | 11/5/2002 |
| 33 | Colorado River Cutthroat trout | VA 1 163 619 | 11/5/2002 |
| 34 | Flathead catfish | TX 3 082429 | 5/2/1991 |
| 35 | Yellowstone cutthroat trout | VA 998-415 | 9/16/1999 |
| 36 | Arctic grayling | VA 1 163 619 | 11/5/2002 |
| 37 | Westslope cutthroat trout | VA 1 163 619 | 11/5/2002 |
| 38 | Snake River cutthroat trout | VA 1 163 619 | 11/5/2002 |
| 39 | Utah sucker | VA 1 783041 | 6/17/2011 |
| 40 | Rock bass | VA 1 673790 | 5/6/2009 |
| 41 | Longnose sucker | TX 3 082429 | 5/2/1991 |
| 42 | Muskellunge (Tennessee) | VAu 1 233 325 | 4/23/2014 |
| 43 | Brook trout female | VA 1 163 619 | 11/5/2002 |
| 44 | Little Kern Golden trout | VA 1 827 025 | 2/1/2012 |
| 45 | Kokanee male | VA 1 783 041 | 6/17/2011 |
| 46 | Smallmouth buffalo | VA 1 799 485 | 5/26/2011 |
| 47 | White Crappie | VA 1 799 485 | 5/26/2011 |
| 48 | Yellowstone cutthroat #2 | VA 1 799 888 | 0/28/2011 |
| 49 | Apache trout | VA 1 163 619 | 11/5/2002 |
| 50 | Black Crappie | TX 3 082 429 | 5/2/1991 |
| 51 | Cypress Minnow | VA 1 799 485 | 5/26/2011 |

## REDBUBBLE'S BUSINESS MODEL

23. Redbubble is an online seller for print-on-demand products and does business through its website, www.redbubble.com (the "Redbubble Website" or the "Website").

24. Redbubble assists internet users in uploading artwork to Redbubble's servers, which artwork may then be applied to various consumer products.

25. Redbubble then manufactures, markets, and sells these various products that incorporate copyrighted works.

26. Redbubble does not develop or purchase its own copyright content; rather it solicits, encourages, and allows persons or entities (i.e. the "Members") to upload digital images ("Designs") through Redbubble's Website to servers under the possession, custody or control of Redbubble.

27. The uploaded digital images are used by Redbubble to display, produce and then distribute products bearing submitted artwork to customers.

28. Members may create an account with Redbubble, with an associated account name, on which they may advertise and offer to sell various products to customers (an "Online Store").

29. Redbubble receives a portion of the revenue earned by Members through sales of artwork-bearing products on the Online Stores.

30. Therefore, Redbubble receives a financial benefit which is directly attributable to the uploading, display, transferring, printing, production, sale, distribution, and marketing of the Designs and accompanying products and packaging.

31. There are two (2) sales channels available on Redbubble's Website. The first sales channel allows a Member to upload a Design to Redbubble's servers. Upon the uploading of a Design to Redbubble's servers, Redbubble will then print the Design on an item for retail or use by the Member. The second sales channel allows a paying customer to purchase preprinted apparel for resale or use.

32. The Designs are stored on Redbubble's servers and also on the Website.

33. Redbubble's process digitally modifies and removes metadata (file identification data) from images uploaded to the Website, including copyright management information.

34. This metadata removal makes it more difficult for copyright owners to discover infringing uses of their work and causes, facilitates, and induces the infringement of others.

35. Redbubble has ultimate control over its Members and Online Stores

36. Redbubble provides the tools necessary for its Members to upload their Designs and maintain their Online Stores.

37. Redbubble manufactures the Infringing Products itself or hires a third party manufacturer to manufacture the products (i.e. the "Manufacturer").

38. Redbubble is substantially involved in every step of the process and exerts substantial influence over the uploading, display, transferring, printing, production, sale, distribution, and marketing of the Designs and accompanying products and packaging.

39. Specifically, when a paying customer places an order on the Website, Redbubble uploads the Design stored on its servers; transfers, prints, produces, or otherwise reproduces the Design onto its own products; processes the order; packages and ships the item containing the Design (branded with the Redbubble label) to the customer; collects the price for the order; pays a portion of the order to its Member; and retains the rest of its fee.

40. Additionally, Redbubble plays an active role in selecting, monitoring, and marketing various Designs and Online Stores.

41. Redbubble holds itself out and has sworn under penalty of making willful false statements to the USPTO that it is the seller, distributor and exclusive source for the goods available on its site.

42. To wit Redbubble owns USPTO trademark registration No. 4,782,482 for the word mark REDBUBBLE, in which it made sworn statements that it uses its mark in connection with selling various consumer products, including electronics, luggage, furnishings, kitchenware, home goods, and clothing.

43. Redbubble retains the exclusive right to provide and manage all material aspects of Website transactions with paying customers, including, but not limited to, internet hosting, search engine optimization, production of merchandise, shipping, invoicing, billing, customer service, product return, and refunds.

**DEFENDANTS' INFRINGEMENT**

44. Plaintiff has discovered that Defendants have used at least fifty-one (51) of his copyrighted works without permission – to wit, the Illustrations. See the attached **EXHIBIT B**[1].

45. Specifically, Redbubble was reproducing the Works and/or their derivatives on to the Redbubble Website and displaying said works on the Redbubble Website to advertise its products.

46. Additionally, Redbubble was selling and distributing numerous miscellaneous products containing reproductions and/or derivatives of the Works ("Infringing Products").

47. Each Member Defendant uploaded and reproduced the Works and/or their derivatives on to the Redbubble Website, causing them to be displayed on the Redbubble Website to advertise their products.

48. Additionally, each Member Defendant sold and distributed numerous Infringing Products via their Online Stores.

49. The Manufacturer also infringed on the copyrights in Plaintiff's Works.

50. Manufacturer reproduced the Works and/or their derivatives on Infringing Products and sold and distributed such products.

51. Redbubble transmitted, distributed, and reproduced the Works to Manufacturer in order to enable Manufacture to produce the Infringing Products.

52. Such distribution and reproduction of the Works to Manufacturer constitutes further copyright infringement by Redbubble.

---

[1] wherein each of the numbered original Illustrations in Exhibit A corresponds to the same number in Exhibit B – e.g. infringing uses shown in Exhibit B-7 are of the Sockeye Salmon, numbered "7" in the list of original works.

10

**FIRST AMENDED COMPLAINT**

53. Upon information and belief, when an Infringing Product was purchased, Redbubble sent an automatic electronic mail to customers containing an image of the Work(s), the Infringing Product(s) and further sales information.

54. Such distribution and reproduction of the Works to the customers constitutes further copyright infringement by Redbubble.

55. The Infringing Products contain numerous Redbubble trademarks on the packaging, indicating Redbubble as the source.

## REDBUBBLE'S SECONDARY LIABILITY

56. For those infringements which it is not directly liable, Redbubble is vicariously liable for Members' and Manufacturer's direct infringements.

57. Redbubble knowingly induced and materially contributed to the copyright infringements of each and every Member by providing them with the tools and infrastructure to create Online Stores and accounts, sell Infringing Products, and otherwise infringe upon the Works.

58. Redbubble also materially contributed to Member' infringements by creating and maintaining a streamlined ordering, production, and shipping system for the Infringing Products.

59. Redbubble also materially contributed to Members' infringements by placing the orders for the Infringing Products from Manufacturer, or causing them to be placed, and by shipping the Infringing Products, or causing them to be shipped.

60. Redbubble also materially contributed to Members' infringements by hosting the Online Stores where Works were displayed without permission.

61. Ultimately, Redbubble had the authority, right, power, and ability to control the actions of the Member and the Online Stores.

62. Redbubble has the right to remove Online Stores from its website, can elect which Online Stores to feature or advertise, and can make modifications to the Online Stores as it sees fit.

63. Redbubble has the right to change the terms by which Members use the Website at any time and can assert any level of control it wishes over the Members' activity on the Website.

64. Additionally, without Redbubble's considerable assistance Members would have been incapable of infringing on the Works to the extent and manner in which they did.

65. Redbubble had a direct financial interest in the infringing activities of the Members because it took a direct percentage of each Members' sales.

66. Redbubble also knowingly induced and materially contributed to the copyright infringements of Manufacturer by placing orders of the Infringing Products from Manufacturer and transmitting reproductions and/or derivatives of the Works to be utilized by Manufacturer.

67. Ultimately, Redbubble had the authority, right, power, and ability to control the order and production of Infringing Products and the other activities of the Manufacturer.

68. Redbubble has the right to place, cancel, and modify orders, inspect the Infringing Products, and control what packaging and trademarks are used in connection with the Infringing Products (Redbubble's own trademarks).

69. Without Redbubble's considerable assistance and continuous orders, Manufacturer would have been incapable of infringing on the Works to the extent and manner in which it did.

70. Redbubble had a direct financial interest in the infringing activities of the Manufacturer because it took a percentage of each sale of an Infringing Product produced by the Manufacturer.

71. Redbubble had knowledge, or had reason to know, of the Member Defendants' and Manufacturer's infringements, in particular after being notified of such infringements by Plaintiff.

72. Redbubble directly profited from the infringements described above as its business model is predicated on manufacturing and selling products like the Infringing Products.

73. As result of the conduct of Redbubble, Plaintiff has sustained damages including lost licensing revenue in an amount not yet ascertained, and Redbubble has earned profits that should be disgorged to Plaintiff.

## COUNT I - COPYRIGHT INFRINGEMENT

### (Against Redbubble)

74. Plaintiff incorporates the allegations set forth in paragraphs 1 through 55 as if fully set forth herein.

75. This count is pled against Defendant Redbubble.

76. Plaintiff is the sole and exclusive owner of the Works.

77. Redbubble has infringed the Works by reproducing them upon Infringing Products and on the Redbubble Website, including the Online Stores.

78. Redbubble has infringed the Works by reproducing and distributing them on electronic mail sent to customers.

79. Redbubble has infringed the Works by reproducing them to the Manufacturer or any other third parties for them to manufacture Infringing Products, or otherwise.

80. Redbubble has infringed the Works by preparing derivative works of them on Infringing Products and on the Redbubble website, including the Online Stores.

81. Redbubble has infringed the Works by distributing them through the sale of Infringing Products.

82. Redbubble has infringed the Works by distributing them through the sale, rental, lease, or lending of the Works to Manufacturer or any other third parties for them to manufacture Infringing Products, or otherwise.

83. Redbubble has infringed the Works by displaying them publically on its website.

84. Plaintiff has not authorized any of the above actions and has not authorized Redbubble to use the Works in any manner whatsoever.

85. Redbubble's actions will continue to infringe upon Plaintiff's rights to the copyrighted Works.

86. Redbubble is paid a percentage of revenue from every sale of the products it makes available on the Website.

87. The use of the Works encourages the purchase of other goods displayed on Redbubble's Website.

88. As a result of their wrongful conduct, Redbubble is liable to Plaintiff for copyright infringement under 17 U.S.C. § 501.

## COUNT II - COPYRIGHT INFRINGEMENT

### (Against each Member Defendant)

89. Plaintiff incorporates the allegations set forth paragraphs 1 through 55 as if fully set forth herein.

90. This count is pled against each Member Defendant separately.

91. Plaintiff is the sole and exclusive owner of the Works.

92. Each member exercises control over its own Online Store.

93. Each Member Defendant has infringed the Works by reproducing them upon miscellaneous products and on their Online Store.

94. Each Member Defendant has infringed the Works by preparing derivative works of them on miscellaneous products and on their Online Store.

95. Each Member Defendant has infringed the Works by distributing them through the sale of Infringing Products.

96. Each Member Defendant has infringed the Works by displaying them publically on their Online Store.

97. Plaintiff has not authorized any of the above actions and has not authorized any Member Defendant to use the Works in any manner whatsoever.

98. Each Member Defendant's actions will continue to infringe upon Plaintiff's rights to the copyrighted Works.

99. Each Member Defendant is paid a percentage of revenue from every sale of the products it makes available on his Online Store.

100. The use of the Works encourages the purchase of other goods displayed on each Member Defendant's Online Store.

101. As a result of his wrongful conduct, each Member Defendant is liable to Plaintiff for copyright infringement under 17 U.S.C. § 501.

## COUNT III - COPYRIGHT INFRINGEMENT
### (Against Defendant Manufacturer)

102. Plaintiff incorporates the allegations set forth in paragraphs 1 through 55 as if fully set forth herein.

103. This count is pled against Defendant Manufacturer.

104. Plaintiff is the sole and exclusive owner of the Works.

105. Manufacturer has infringed the Works by reproducing them upon miscellaneous products.

106. Manufacturer has infringed the Works by preparing derivative works of them on miscellaneous products.

107. Manufacturer has infringed the Works by distributing them through the sale of miscellaneous products.

108. Plaintiff has not authorized any of the above actions and has not authorized Manufacturer to use the Works in any manner whatsoever.

109. Manufacturer's actions will continue to infringe upon Plaintiff's rights to the copyrighted Works.

110. Manufacturer is paid to produce every product that it manufactures.

111. The use of the Works encourages the purchase of other manufactured goods from Manufacturer.

112. As a result of their wrongful conduct, Manufacturer is liable to Plaintiff for copyright infringement under 17 U.S.C. § 501.

## COUNT II - VICARIOUS COPYRIGHT INFRINGEMENT

### (Against Defendant Redbubble)

113. Plaintiff incorporates the allegations set forth in paragraphs 1 through 73 as if fully set forth herein.

114. This count is pled against Defendant Redbubble

115. For any infringing acts described above for which Redbubble did not commit or participate in directly, Redbubble is liable as a vicarious infringer.

116. Redbubble has the authority, right, power, and ability to control the actions of its Online Stores, Members, and the Manufacturer of its products.

117. Redbubble directly profited from the infringements described above by taking a percentage of the sale of each Infringing product sold by a Member and produced by Manufacturer.

118. As result of the conduct of Redbubble, Plaintiff has sustained damages including lost licensing revenue in an amount not yet ascertained, and Redbubble has earned profits that should be disgorged to Plaintiff.

## RELIEF REQUESTED

WHEREFORE, for the reasons stated above, Plaintiff prays for judgment against Defendant as follows:

a. Under 17 U.S.C. § 502, grant temporary and final injunctions against Defendants on such terms as it deems reasonable to prevent or restrain infringement of Plaintiff's copyright.

b. Under 17 U.S.C. § 503, order the impounding and ultimately destruction, on such terms as it may deem reasonable, of any records or material involved in Defendants' copyright infringement.

c. Under 17 U.S.C. § 504, award Plaintiff's actual damages and any additional profits of Defendants, or, if Plaintiff so elects before judgment is entered, award statutory damages up to $30,000 per work infringed.

    d.     If Plaintiff elects statutory damages, for each work found to be willfully infringed by Defendants, increase the award of statutory damages up to $150,000 per work.

    e.     Under the theory of vicarious liability, order that Redbubble be required to pay actual damages or statutory damages up to $150,000 for each work found to be infringed by a Member or the Manufacturer for which Redbubble is vicariously liable.

    f.     Under 17 U.S.C. § 505, award costs to Plaintiff;

    g.     Under 17 U.S.C. § 505, as the prevailing party in a Copyright lawsuit, award to Plaintiff reasonable attorney's fees.

    h.     Awarding Plaintiff all available pre-judgment and post-judgment interest on all amounts of any judgment; and

    i.     Grant to Plaintiff such further relief as may be equitable and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial for all issues triable to a jury.

Dated: February 2, 2021

Respectfully submitted,

**EVANS & DIXON, LLC**

/s/ Scott J. Strohm
STEVEN H. MUSTOE (*pro hac vice* forthcoming)
SCOTT J. STROHM (*pro hac vice* forthcoming)
10851 Mastin Boulevard, Suite 900
Overland Park, KS 66210
Telephone: 913.701.6810 | F: 913.341.2293
copyright@evans-dixon.com

and

**KUNZLER BEAN & ADAMSON, PC**

R. JEREMY ADAMSON (Bar No. 251380)
4225 Executive Square, Suite 600
La Jolla, CA 92037

17

**FIRST AMENDED COMPLAINT**

Telephone: (619) 365-9110
jadamson@kba.law

*Attorneys for Plaintiff Joseph Tomelleri*

## CERTIFICATE OF SERVICE

The undersigned counsel hereby certifies that the foregoing was filed electronically using the Court's CM/ECF on February 2, 2021, which generates notice to all parties of record.

/s/ Scott J. Strohm
Scott J. Strohm

18
**FIRST AMENDED COMPLAINT**