KENNETH B. WILSON (SBN 130009)
 ken@coastsidelegal.com
COASTSIDE LEGAL
455 1st Avenue
Half Moon Bay, California 94019
Telephone: (650) 440-4211

JOSHUA M. MASUR (SBN 203510)
 jmasur@zuberlawler.com
FRANCESCA M.S. GERMINARIO (SBN 326208)
 fgerminario@zuberlawler.com
ZUBER LAWLER LLP
2000 Broadway Street, Suite 154
Redwood City, California 94063
Telephone: (213) 596-5620
Facsimile: (213) 596-5621

HEMING XU (SBN 302461))
 hxu@zuberlawler.com
ZUBER LAWLER LLP
350 South Grand Avenue, 32nd Floor
Los Angeles, California 90071
Telephone: (213) 596-5620
Facsimile: (213) 596-5621

Attorneys for Defendant
REDBUBBLE INC.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## OAKLAND DIVISION

| | |
|---|---|
| JOSEPH R. TOMELLERI,<br><br>   *Plaintiff,*<br><br> v.<br><br>REDBUBBLE, INC., et al.,<br><br>   *Defendants.* | Case No. 4:20-cv-05879-KAW<br><br>**JOINT INITIAL CASE MANAGEMENT STATEMENT**<br><br>Date:  March 2, 2021<br>Time:  1:30pm |

   Pursuant to this Court's November 19, 2020 Order, Dkt. No. 14, and February 24, 2021 order, Dkt. No. 31, Plaintiff and Redbubble, through their counsel, respectfully submit the following separate statement in advance of the March 2, 2021 Case Management Conference.

1.  **Jurisdiction and Service.**

The parties that have appeared to date are aware of no dispute regarding jurisdiction, service, or venue. However, Plaintiff has not yet served defendants "Doe Members 1-38" nor defendant "Doe Manufacturer."

2.  **Facts.**

   A.  **Plaintiff's Summary of the Facts.**

Plaintiff Joseph Tomelleri is recognized by biologists, museums, ichthyologists, and other experts in the field as one of the world's preeminent fish artist and illustrator. Over the last 35 years Mr. Tomelleri has created and published over 1300 separate fish illustrations, including those at issue in this case. In 2010, Mr. Tomelleri was inducted into the Freshwater Fish Hall of Fame for his work as a fish illustrator. His illustrative process involves his expertise gained from many years of education, his observations of fish in the wild, and obtaining and preserving specimens. Mr. Tomelleri hand draws his works and incorporates his own expression of color patterns, fin arrangements and other characteristics he believes most significant for a particular fish species in a particular life cycle phase. His illustrations have been published in many scientific studies, journals, books, magazines, and fish identification guides.

Mr. Tomelleri is the sole owner and proprietor of all rights, titles, and interest in, and to, the copyrights for illustrations for a number and variety of fish that are at issue in this case (the "Illustrations"). Mr. Tomelleri discovered that Defendants have used at least fifty-one (51) of his copyrighted works without permission (the "Illustrations"). The Illustrations were displayed on Defendant Redbubble's website and placed on products sold via the website.

To the best of Plaintiff's knowledge, Redbubble is an online seller for print-on-demand products and does business through its website, www.redbubble.com (the "Redbubble Website" or the "Website"). Redbubble assists internet users in uploading artwork to Redbubble's servers, which artwork may then be applied to various consumer products. As far as Plaintiff knows, Redbubble does not develop or purchase its own copyright content; rather it solicits, encourages, and allows persons or entities (i.e. the "Members") to upload digital images ("Designs") through Redbubble's Website to servers under the possession, custody or control of Redbubble. Members

may create an account with Redbubble, with an associated account name, on which they may advertise and offer to sell various products to customers (an "Online Store"). Redbubble receives a portion of the revenue earned by Members through sales of artwork-bearing products on the Online Stores.

Plaintiff believes Redbubble is substantially involved in every step of the process and exerts substantial influence over the uploading, display, transferring, printing, production, sale, distribution, and marketing of the Designs and accompanying products and packaging. Additionally, Plaintiff believes Redbubble plays an active role in selecting, monitoring, and marketing various Designs and Online Stores. It is through these Online Stores that products bearing the Illustrations were sold by Redbubble and/or its Members. Numerous miscellaneous products containing reproductions and/or derivatives of the Works ("Infringing Products") were displayed and sold via the Online Stores. Such Infringing Products were then manufactured by the Defendant Manufacturer and shipped to the consumer.

Each Member Defendant uploaded and reproduced the Works and/or their derivatives on to the Redbubble Website, causing them to be displayed on the Redbubble Website to advertise their products. Additionally, each Member Defendant sold and distributed numerous Infringing Products via their Online Stores. The Defendant Manufacturer reproduced the Works and/or their derivatives on Infringing Products and sold and distributed such products. Plaintiff believes Redbubble induced and materially contributed to the actions of the Members and Manufacturer and that ultimately Redbubble had the authority, right, power, and ability to control every step of the processes at issue.

### B. Redbubble's Summary of the Facts.

Like the Amazon Marketplace and eBay, Redbubble is a global online marketplace platform hosted at redbubble.com (the "Redbubble Marketplace" or "Marketplace"). Redbubble gives over a million independent artists a meaningful new way to sell their creations. Those artists (also referred to as "Sellers" or "Third-Party Sellers") use the Redbubble platform to upload and sell their creative designs on high-quality, everyday products such as apparel, stationery, housewares, bags, and wall art. Potential purchasers can browse through more than 16 million

designs on the Marketplace, and hundreds of millions of products bearing these designs are currently offered for sale by these Sellers.

The Redbubble Marketplace software also automatically facilitates the transactions that occur through the Marketplace, connecting Sellers automatically to third-party manufacturers, who print and pack the products before third-party shippers pick up the products and deliver them to customers, and providing Sellers access to third-party payment processors who collect and process customer payments.  This transaction process is entirely Seller-directed and automated.

Redbubble does not design or upload the content sold over the Redbubble Marketplace. Redbubble did not print or otherwise manufacture the products that Plaintiff claims are infringing (the "Accused Products"), nor does it own or control the facilities in which those products were made or the equipment or processes for doing so. Redbubble never took possession, control or ownership of or title to the Accused Products. Redbubble personnel did not pack, ship, perform quality control on or otherwise handle those products.  And Redbubble does not sell or offer to sell the Accused Products; that's done by the Third-Party Sellers.

In any marketplace, there is a risk that bad actors will abuse the system by attempting to use it to sell unauthorized or counterfeit products. However, as noted in its User Agreement, "[r]especting other people's intellectual property is an essential principle of Redbubble's community."  To that end, Redbubble has taken significant steps, in excess of its legal obligations, to prevent misuse of the Marketplace, and has directed substantial resources toward eliminating third-party infringement and improving its anti-piracy measures.   Sellers using the Redbubble Marketplace must confirm that they have rights to use any uploaded content and that the content "will not infringe the intellectual property rights or any other rights of any person or entity… Each time they upload listings to the Marketplace, Sellers must also check a box affirmatively acknowledging that they "have the right to sell products containing this artwork."  Redbubble enforces these rules in accordance with a detailed IP/Publicity Rights Policy, which tracks the "notice and takedown" provisions of the Digital Millennium Copyright Act ("DMCA").  So if a content owner like Plaintiff provides notice that a particular listing infringes its intellectual property rights, Redbubble promptly (*i.e.*, typically within one business day) removes those

listings and notifies the third-party Seller who uploaded them. In accordance with that policy, Redbubble will also "disable and/or terminate the accounts of users who repeatedly infringe or are repeatedly charged with infringing the copyrights, trademark rights, other intellectual property rights or publicity rights of others."

In addition, although it has no legal obligation to do so, for certain content owners, Redbubble provides further assistance by proactively policing the Redbubble Marketplace for potentially infringing content, using screening criteria based on information from content owners (and almost always created in collaboration with those content owners).  Redbubble also uses a combination of proprietary and third-party software tools that seek to identify scaled and/or repeat abusers of the Redbubble Marketplace.  Redbubble currently conducts proactive policing for intellectual property belonging to hundreds of content owners, including some of the largest content owners in the world, and polices for thousands of their individual properties.  To date, these proactive policing efforts have resulted in the disabling or removal of millions of listings from the Redbubble Marketplace, covering tens of millions of products, and Redbubble has disabled and/or terminated hundreds of thousands of Seller accounts for violation of its User Agreement and/or IP/Publicity Rights Policy.

To the extent that Plaintiff gave Redbubble pre-filing notice of his claims, Redbubble removed listings from the Marketplace before he filed suit – in many instances, before the three-year statute of limitations.  Plaintiff's original complaint failed to give proper notice of his new claims, but after Plaintiff amended its complaint in response to Redbubble's motion to dismiss (Dkt. Nos. 15, 20, 24, 25), thereby giving Redbubble notice of which particular listings were at issue, Redbubble promptly removed those designs.  All told, gross sales of all Accused Products through the Redbubble Marketplace have totaled approximately $2500.

Moreover, as to the merits of the case, Redbubble notes that, even taking the most generous view of Plaintiff's case, it is grounded on the thinnest of copyright claims.  His hyper-realistic depictions of fish are protectable, if at all, only against copying of the limited original expression that he supplied, rather than that which is present in nature.  *See Satava v. Lowry*, 323 F.3d 805, 810 (9th Cir. 2003) (a copyright holder "may not prevent others from copying aspects of

JOINT INITIAL CASE MANAGEMENT STATEMENT
2911-1007 / 1759730.2

his [works] resulting from either [animal] physiology or from their depiction in the [chosen artistic] medium"). At least one other court has found that at least some of Plaintiff's copyright claims – for outlines and line art – fail at the threshold to cover copyrightable expression. *See Tomelleri v. Zazzle, Inc.*, No. 13-CV-02576-EFM-TJJ, 2015 WL 8375083, at *11 (D. Kan. Dec. 9, 2015) (granting partial summary judgment). And even if Plaintiff's copyright claims were viable against some other alleged infringer, they would fail against Redbubble because, *inter alia*, Redbubble's compliance with the notice and takedown procedures set forth in the DMCA entitle it to safe harbor immunity. *See* 17 U.S.C. §§ 512(a)-(d); *Cobbler Nevada, LLC v. Gonzales*, 901 F.3d 1142, 1148 (9th Cir. 2018) ("the Supreme Court held that liability for another's infringement cannot arise from the mere distribution of a product [or service] that is 'widely used for legitimate, non-infringing purposes.'") (internal alterations omitted) (quoting *Sony Corp. of America v. Universal City Studios, Inc.*, 464 U.S. 417, 442 (1984)).

   Redbubble does not believe that any of the facts in its Statement are reasonably in dispute, and taken together, they will warrant not only entry of judgment in Redbubble's favor as a matter of law, but also warrant that the Court exercise its discretion to shift Redbubble's attorneys' fees and costs to Plaintiff.

3.  **Summary of the Key Legal Issues.**

   The parties that have appeared to date identify at least the following legal issues known to them as of this time:

- Whether Plaintiff owns valid copyrights, *see, e.g.*, *Satava*, 323 F.3d at 810; 17 U.S.C. § 102(b); 17 U.S.C. §§ 201–205;
- Whether Redbubble infringed any valid copyright, *see, e.g.*, 17 U.S.C. § 106.;
- Whether the Redbubble Members infringed any valid copyright, *see, e.g.*, *id.*;
- Whether the Manufacturer infringed any valid copyright, *see, e.g.*, *id.*;
- Whether Redbubble can be deemed to engage in any volitional conduct that could serve as a basis for direct copyright infringement, *see, e.g.*, *VHT, Inc. v. Zillow Group, Inc..* 918 F.3d 723 (9th Cir. 2019); *Perfect 10, Inc. v. Giganews, Inc.*, 847 F. 3d 657, 666 (9th Cir. 2017);

- Whether 17 U.S.C. §§ 512(c) immunizes Redbubble against claims based on content uploaded by third-party Sellers;
- Whether Redbubble can be held liable for contributory copyright infringement, *see, e.g.*, *Fonovisa, Inc. v. Cherry Auction, Inc*. 76 F.3d 259, 261-63 (9th Cir. 1996); *Ellison v. Robertson*, 357 F.3d 1072, 1076 (9th Cir. 2004); *MDY Indus., LLC v. Blizzard Entm't, Inc*., 629 F.3d 928, 937-38 (9th Cir. 2010); *Cobbler*, 901 F.3d at 1148;
- Whether Redbubble can be held liable for vicarious copyright infringement with respect to Plaintiff's purportedly copyrighted images, *see, e.g.*, *Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd.*, 545 U.S. 913, 930 n.9 (2005); *Ellison v. Robertson*, 357 F.3d 1072, 1076 (9th Cir. 2004); *Perfect 10, Inc. v. Visa Int'l Serv. Ass'n*, 494 F.3d 788, 802–06 (9th Cir. 2007);
- The extent to which Plaintiff's claims are barred by the three-year statute of limitations, 17 U.S.C. § 507(b); and
- Whether any party is entitled to an award of attorneys' fees and costs under 17 U.S.C. § 505.

4. **Motions.**

Apart from Redbubble's motion to dismiss the original complaint, there have been no prior substantive motions in this case. Redbubble anticipates that it will soon file a motion requesting that the Court require Plaintiff to post a bond sufficient to cover its anticipated attorneys' fees and costs pursuant to, *inter alia*, *Simulnet E. Assocs. v. Ramada Hotel Operating Co*., 37 F.3d 573, 576 (9th Cir. 1994), California Code of Civil Procedure Section 1030, and/or Civil Local Rule 65.1-1. The parties that have appeared to date anticipate that they will file motions for summary judgment or partial summary judgment at some time in the future. *See also* Section 15, below.

5. **Amendment of Pleadings.**

Plaintiff anticipates amending its answer to name Doe defendants. At this time, Redbubble does not anticipate amending its answer.

**6.** **Evidence Preservation.**

The parties that have appeared to date have reviewed the ESI Guidelines and are taking reasonable and proportionate steps to preserve evidence relevant to the issues reasonably evident in this action.

**7.** **Disclosures.**

The parties that have appeared to date have not yet made their initial disclosures, but intend to do so no later than March 9, 2021, and to supplement those disclosures consistent with Fed. R. Civ. P. 26(e).

**8.** **Discovery.**

**A.** **Plaintiff's Anticipated Discovery.**

Plaintiff will need to seek discovery as to the identity of the Doe defendants. Plaintiff will seek written discovery in the form of requests for documents, interrogatories, and requests for admission relating to the claims and defenses in the case. In particular, Plaintiff will seek information relating to the use of his Illustrations by the Defendants. Plaintiff anticipates at least a 30(b)(6) deposition of Redbubble, and likely additional depositions of identified Doe Defendants. At this time, Plaintiff does not believe any modification to the standard discovery rules are necessary. Plaintiff believes the parties will enter into a stipulated protective order.

**B.** **Redbubble's Anticipated Discovery.**

Redbubble sought at the outset of the case to engage in informal discovery in furtherance of possible settlement and to clarify Plaintiff's claims, but because that informal discovery was not provided, Redbubble moved to dismiss Plaintiff's original complaint. (Dkt. No. 15.) Redbubble anticipates noticing depositions of at least Plaintiff, and serving written discovery in the form of document demands, interrogatories, and requests for admissions. Redbubble may notice additional depositions – *e.g.*, depositions of witnesses disclosed in initial disclosures – but requires additional information before determining the scope of those additional depositions. Redbubble anticipates that the parties will enter into a stipulated protective order protecting certain confidential and commercially sensitive information that may be disclosed in discovery.

**9.     Class Actions.**

This is not a class action.

**10.    Related Cases.**

There are no related cases currently pending before this Court.  However, Plaintiff currently has eight other active copyright cases in other federal district courts: *Tomelleri v. Rainbow Head Farms, LLC*, No. 1:19-cv-00217 (N.D. W. Va., filed 12/5/2019); *Tomelleri v. Badagliacco's Blueberry Hill Resort, Inc.*, No. 3:19-cv-01006 (W.D. Wisc., filed 12/10/2019); *Tomelleri v. Bluestone Lake Marina, LLC*, No. 5:19-cv-00895 (S.D. W. Va., filed 12/13/2019); *Tomelleri v. Calkins*, No. 2:19-cv-02037 (W.D. Wash., filed 12/12/2019); *Tomelleri v. Brookswood Property, LLC*, No. 3:19-cv-02054 (D. Ore., filed 12/18/2019); *Tomelleri v. DMB Associates, Inc. et al*, No. 2-20:cv-01035 (E.D. Cal., filed 5/21/2020); *Tomelleri v. Stare d/b/a Xtasea IV Sportfishing*, No. 1:20-cv-04687 (N.D. Ill., filed 8/10/2020); and *Tomelleri v. Saltery Lake Lodge, LLC*, No. 3:20-cv-00314 (D. Alaska, filed 12/28/2020).

**11.    Relief.**

Plaintiff seeks the relief outlined in his complaint, which includes injunctive and monetary relief against all of the Defendants. Injunctive relief would involve enjoining Defendants from selling infringing products. Monetary damages may include actual damages or statutory damages, if Plaintiff so elects. Plaintiff also seeks an award of his costs and reasonable attorney fees.

If Plaintiff where to elect actual damages, such damages would likely be based upon a lost license fee – i.e. the amount Plaintiff would have received had he licensed his Illustrations for use. In addition to this amount, actual damages would be based upon the profits of the Defendants. Plaintiff is unable to calculate the actual damages amount until he receives discovery as to the extent of infringement and profits of the Defendants.

If Plaintiff were to elect statutory damages, Plaintiff would be entitled to $30,000 per work infringed per each Defendant, totaling at least up to $1,530,000 – which is calculated by $30,000 x 51 Illustration at issue.

Redbubble seeks a declaration that it has not violated Plaintiff's rights, and an award of its costs and reasonable attorneys' fees.  Although Redbubble disputes that Plaintiff is entitled to any

damages whatsoever, Redbubble further notes that Plaintiff misstates the statutory damages available for copyright infringement. 17 U.S.C. § 504(c)(1) actually provides for statutory damages of $750 to $30,000 per work infringed, and it is well established that statutory damages must have some relationship to actual damages – which, here, would certainly be less than the total of approximately $2500 in gross sales of all Accused Products through the Redbubble Marketplace and orders of magnitude less than Plaintiff's calculations, even without reduction for innocent infringement under 17 U.S.C. § 504(c)(2).

**12.     Settlement and ADR.**

Other than initial informal settlement discussions, the parties that have appeared to date have not engaged in any ADR. The parties that have appeared to date prefer a settlement conference before a Magistrate Judge, but if no such settlement conference may be scheduled, they agree to mediate before a member of the Court's mediation panel.

**13.     Consent to Magistrate Judge for all Purposes.**

The parties that have appeared to date have consented to Magistrate Judge Westmore for all purposes.

**14.     Other References.**

The parties that have appeared to date do not believe any other references are appropriate at this time.

**15.     Narrowing of Issues.**

Plaintiff believes some issues could be resolved at summary judgment, including that Plaintiff has a valid copyright, the liability of the Defendants, and Digital Millennium Copyright Act defenses. Otherwise, Plaintiff has no suggestions to narrow the issues or expedite the evidence at trial. Plaintiff has no requests relating to bifurcation.

Redbubble believes that the issues can be narrowed by motions for summary judgment. In particular, Redbubble expects that it may seek to file an early motion on discrete legal issues, such as immunity under the Digital Millennium Copyright Act and availability of enhanced or statutory damages. Other than that, Redbubble is not currently aware of issues that can be narrowed by agreement or by motion, has no suggestions to expedite the presentation of evidence at trial, and

does not request bifurcation. However, Redbubble reserves the right to move for bifurcation prior to trial if it appears at that time that bifurcation may simplify and/or expedite the presentation of evidence at trial.

16. **Expedited Trial Procedure.**

The parties that have appeared to date do not believe this case is appropriate for the Expedited Trial Procedure of General Order No. 64 Attachment A.

17. **Proposed Schedule.**

| | |
|---|---|
| Fact Discovery Cutoff: | October 1, 2021 |
| Last Day to Designate Experts: | October 8, 2021 |
| Last Day to Designate Rebuttal Experts: | November 19, 2021 |
| Expert Discovery Cutoff: | December 22, 2021 |
| Last Day to Hear Dispositive Motions: | March 17, 2022 |
| Pretrial Conference: | On or after June 20, 2022 |
| Trial: | On or after July 18, 2022 |

18. **Trial.**

The parties that have appeared to date have demanded a jury, although Redbubble notes that motion practice may eliminate their entitlement thereto. The parties that have appeared to date expect trial to last 5-7 days.

19. **Disclosure of Non-Party Interested Entities or Persons.**

The parties that have appeared to date have filed their Certifications of Interested Entities or Persons required by Civil Local Rule 3-15.

**20.     Professional Conduct**

All attorneys of record have reviewed the Guidelines for Professional Conduct for the Northern District of California.

Dated:  February 25, 2021             Respectfully submitted,

**EVANS & DIXON, LLC**
SCOTT J. STROHM

By:     */s/ Scott J. Strohm*
Attorneys for Plaintiff
JOSEPH R. TOMELLERI

Dated:  February 25, 2021             **ZUBER LAWLER LLP**
JOSHUA M. MASUR

By:     */s/ Joshua M. Masur*
Attorneys for Defendant
REDBUBBLE INC.